UNITED STATES of America,
Plaintiff-Appellee,

v.

Johnny Ray LITTLEPAGE, Defendant-
Appellant.

No. 28586.

United States Court of Appeals,
Fifth Circuit.

Dec. 22, 1970.

Rehearing Denied Jan. 15, 1971.

Melvyn Carson Bruder, Dallas, Tex., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Charles Cabaniss, Andrew Barr, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge.

Appellant, Johnny Ray Littlepage, here appeals from his conviction upon a jury verdict of guilty of possession of goods or chattels in excess of $100, knowing the same to have been embezzled or stolen while moving in interstate commerce. 18 U.S.C. § 659.

Appellant asserts the following points of error in his trial in the court below: (1) the overruling of defendant's motion to suppress and admission into evidence of his allegedly involuntary inculpatory oral statement; (2) failure of the trial court, after an evidentiary hearing, to make findings of fact relating to the voluntariness of defendant's statement; (3) the introduction into evidence of fruits of an illegal search and seizure; and (4) the impeachment of a material defense witness.

The evidence adduced at the defendant's trial established the theft of 214 wigs while the wigs were moving in interstate commerce. In the course of investigating the theft, two F.B.I. Agents went to defendant's home and upon questioning, he allegedly admitted that

he knew the wigs were stolen prior to purchasing them, having been apprised of that fact by the seller. It is this admission of knowledge which the defendant sought to have excluded from evidence by way of a pre-trial motion to suppress.

In compliance with the requirements of Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774, 12 L.Ed.2d 908 (1964), the trial court ordered an evidentiary hearing, without the presence of the jury, to determine the voluntariness, *vel non*, of the defendant's oral statement. From that evidentiary hearing, the following facts appear.

Agents Sloan and Holloman of the F.B.I. arrived at the defendant's apartment between 9:00 and 9:30 A.M. Defendant's wife answered the door and the agents asked to see Mr. Littlepage. The defendant's wife went upstairs and awakened him and he subsequently came to the door. Sloan and Holloman identified themselves as Special Agents of the F.B.I. and stated that they wanted to ask the defendant a few questions. When queried by the defendant as to the nature of the questions, the agents stated that they wished to talk about some missing television sets and George McGann. The defendant was given a *Miranda* warning of his constitutional rights and he executed a waiver of rights form. There is some dispute whether the *Miranda* warning was given before or after the announced purpose of the questioning, but in view of our disposition the point is not material. From the defendant's own testimony at the evidentiary hearing, it clearly appears that he was fully advised of his constitutional rights, including the right to appointed counsel and that counsel's *presence* during interrogation. The defendant stated that he understood his constitutional rights as explained, that he was "willing to cooperate with the F.B.I." and that he had "nothing to hide".

The interview of the defendant was conducted at a dining room table in defendant's apartment and lasted approximately one hour. It was during this time that the damaging admission was allegedly made.

We have carefully examined the transcript of the pre-trial hearing and find it totally devoid of any facts or circumstances which would warrant the conclusion, or even the inference, that the defendant's questioning amounted to *custodial interrogation*, triggering the requirement of *Miranda* warnings.

The defendant testified that he answered all questions freely, that he was not placed under arrest nor told that he would be arrested, and that no charges were pending against him. Bolstering the conclusion that his statement was voluntary was the defendant's subsequent voluntary appearance at F.B.I. offices the afternoon of the same day accompanied by one John Griffin Wright, whom the F.B.I. Agents had earlier inquired about. It seems quite clear that the questioning in the instant case was not accomplished while the defendant was "in custody * * * or otherwise deprived of his freedom of action in any significant way." Miranda v. Arizona, 384 U.S. 436, 477, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966). In a case recently decided by this court involving strikingly similar facts, we came to a like conclusion. United States v. Kershner, 432 F.2d 1066 (5th Cir. 1970). The record in the case at bar is barren of any facts indicating a coercive or compelling atmosphere, the defendant's conclusions to the contrary notwithstanding. See, United States v. Hall, 421 F.2d 540 (2d Cir. 1969), cert. denied, 397 U.S. 990, 90 S.Ct. 1123, 25 L.Ed.2d 398 (1970). Having thus concluded that the circumstances surrounding the defendant's questioning were not such as to require the giving of a *Miranda warning* and the statement made by the defendant was freely given by his own testimony, we need not pass upon the further allegation that defendant's waiver of rights was vitiated by asserted misrepresentations on the part of the F.B.I. Agents.

**500**

The alleged error of the trial court in failing to make findings of fact relating to the voluntariness of the defendant's statement is without merit. The undisputed and uncontradicted facts clearly demonstrate voluntariness and that determination is "clearly evident" and "ascertainable" from the record, thereby negating the necessity of formal findings to that effect, Jackson v. Denno, *supra*, at 378–379, 84 S.Ct. 1774, 12 L.Ed.2d 908; United States v. Harper, 432 F.2d 100 (5th Cir. 1970); United States v. Feinberg, 383 F.2d 60 (2d Cir. 1967).

The defendant's further assertion that the wigs introduced into evidence were the fruit of an illegal search and seizure is likewise without merit. At the time the wigs were offered into evidence, defendant's counsel made no objection, nor could such an objection have been sustained for the wigs admitted at trial were not the same wigs which defendant claims were obtained as the result of an illegal search and seizure. The defendant's failure to object while cognizant of this fact is readily understandable.

The defendant lastly complains that it was error for the trial court to allow the government to impeach a material defense witness. Upon cross-examination of defense witness Russell Gilmore, the government attorney asked Gilmore if there was a complaint pending against him in the district court charging him with the same offense for which the defendant was being tried. Gilmore responded affirmatively without objection by defendant's counsel. As such, we may recognize only "plain error" on review. Fed.R.Crim.P. 52(b). Having examined the record thoroughly, we conclude that the question propounded to the witness was proper cross-examination, as the government contends, to show hostility or bias. United States v. Dardi, 330 F.2d 316 (2d Cir. 1964), cert. denied, 379 U.S. 845, 85 S.Ct. 50, 13 L.Ed.2d 50.

Affirmed.